**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE No. 18-60072 -CR-BLOOM

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**PETER ROBERT BOBAL,**

    Defendant,

_____/

## ORDER

**THIS CAUSE** came before the Court on the Defendant's Motion for a New Trial, ECF No. [42]. The Court has reviewed the Defendant's Motion, the Government's Response, the record and is duly advised.

### I. Legal Standard

Rule 33(a) provides that: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion for a new trial is "addressed to the sound discretion of the trial court." United States v. Champion, 813 F.2d 1154, 1170 (11th Cir. 1987).

### II. Underlying Facts

On May 29, 2018, a jury trial was scheduled as to both counts of a two count indictment, ECF No. [36]. Count 1 of the indictment charged Enticement of a Minor. Count 2 of the indictment charged Commission of a Felony Offense Involving a Minor While Being Required to Register as a Sex Offender. The Court expressed its concern that the Defendant would be prejudiced if evidence was presented to the jury relating to the second element of Count 2, that "at the time the time the Defendant committed the felony offense involving the minor, the Defendant was required by Federal or other law to register as a sex offender." In an abundance of caution and to protect the

Defendant's right to a fair trial, and with the agreement of both parties, this Court bifurcated the trial. The trial proceeded as to Count 1 first and then the same jury considered Count 2. On May 30, 2018, the jury returned a verdict of guilty as to Count 1. The jury was then informed that its work was not yet completed and trial as to Count 2 then proceeded with the same jury.

There are two elements to Count 2, as agreed by the parties. They are: (1) the Defendant committed a felony offense involving a minor; and (2) at the time the Defendant committed the felony offense involving a minor, the Defendant was required by Federal or other law to register as a sex offender. The defense stipulated to the second element, that the Defendant was a registered sex offender. Thus, the sole remaining issue for the jury was whether or not element 1 of Count 2 had been proven.

In his Motion, the Defendant argues that the government's closing argument was improper. He contends that "the government argued that because the jury had just returned a verdict of guilty as to Count 1, and because the defendant had stipulated that element 2 of Count 2 had been proven, the jury had no choice but to render a verdict of guilty as to Count 2. This was an incorrect statement of the law." *See* ECF No. [42] at 2.

The government's closing argument consisted of the following:

> Remember the instruction that the Court gave you earlier regarding stipulations. A stipulation – while statements and arguments of counsel are not generally evidence in the case, if a statement is made as an admission or a stipulation of fact, it is evidence. When the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept that stipulation as evidence and regard that fact as proven. So the Defense is telling you: "We stipulate that the Government proves Count 2. I was a registered sex offender. I was required to register as a sex offender." So by you guys finding him guilty as to Count 1, element 1 is met because you already said he's guilty of Count 1, which was a violation against a child. And now the Defense agrees that he's guilty of the second element or we've proven the second element of

2

that charge in Count 2 -- Count 2. So the only verdict as to Count 2 is a verdict of guilty. Thank you, Ladies and Gentlemen.

Before closing arguments, the Court instructed the jury on the law as to Count 2 of the Indictment, committing an enumerated felony offense involving a minor while being required to register as a sex offender under Federal or other law in violation of 18 U.S.C. § 2260A:

> A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
>
> (1) the Defendant committed a felony offense involving a minor; and
>
> (2) at the time the Defendant committed the felony offense involving a minor, the Defendant was required by Federal or other law to register as a sex offender.
>
> You are instructed that a violation of Title 18, United States Code, Section 2422(b), as charged in Count 1 of the Indictment, is an enumerated felony violation involving a minor.
>
> A minor means any person under the age of eighteen years.
>
> I further instruct you that because a violation of Title 18, United States Code, Section 2422(b) does not require an actual minor due to its attempt clause, neither does a violation of Title 18, United States Code, Section 2260(A) require the involvement of an actual minor when that violation is predicated on a violation of Section 2422.

3

> You are also instructed that Florida requires a person to register as a sex offender for life.

Here, the government's closing argument was consistent with the law. The jury had already made a finding as to Count 1. Count 1 and Count 2 were clearly intertwined and a finding of guilt as to Count 1 necessarily established the first element of Count 2. Given the Defendant's stipulation that he was a registered sex offender, the jury's verdict was consistent with the evidence and the interest of justice does not require a new trial. Accordingly, it is

**ORDERED AND ADJUDGED** that the Defendant's Motion for a New Trial, **ECF No. [42]**, is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this 10th day of September, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record